May it please the Court, I'm Bruce Brewer. I represent Appellant David Paulson in this case. I'd like to reserve two minutes for rebuttal, please. I need to, I think, run through the procedural history a little bit in this case. Well, since your time is so short, I think we know it pretty well. I have a question about that. You had so much disagreement, why didn't you appeal? I'm sorry, Your Honor? Why didn't you appeal Judge Hogan's order if you disagreed with his ruling on so many issues that you described in your brief? Why shouldn't we apply the law of the case doctrine to the issues that were affirmed by Judge Hogan and not revisited by the administrative law judge, Mr. Jones? Thank you, Your Honor. In, you'll note in Judge Horton, the thing about the law of the case doctrine is it's a doctrine that binds. It's a doctrine that says the subsequent trial fact shall be confined to certain factual determinations concerning some or all of the facts. The express language provides freedom, you'll see in Judge Hogan's order. Judge Hogan says the subsequent ALJ is free to redetermine, reconsider. And, in fact, what we see in Judge Jones' subsequent decision is a complete reconsideration of all of the seminal elements of a disability claim. I'm interested as well in the kind of more abstract question of when do you need to appeal or remand under the Social Security Act and when don't you. Is your assertion that you couldn't have appealed because of that or that you didn't have to appeal because of that? Well, my assertion is that I believe at that juncture, following Judge Hogan's decision, appeal could have been taken, but it was unnecessary because of what — because of the language. But ordinarily, we have — something either is or isn't an appealable final judgment. There's not a lot of middle ground. So it seems to me it either was or wasn't, no? Right. And I believe it is the Varney case that would allow those — you know, it creates a cumbersome situation where some of the issues of a case are pending at the Ninth Circuit Court of Appeals and some of the issues are pending there. Well, is that true? See, I've never really encountered this before, so I was trying to understand it. Is that the case or is the understanding that the remand doesn't go forward until the Ninth Circuit appeals all of them? It's my understanding that essentially you have bifurcation and you have adjudication of the appealed issues by the Ninth Circuit as well as simultaneous adjudication of the remaining issues at the agency level. But, Your Honor, Your Honors, I don't know that in this case we have to get there. We do — I do not believe that we have to make that determination because of the nature of Judge Hogan's order and because of what actually occurred in this case following that order. I have one last — you may be right, but I have one last question. If there were a problem here, would it be a law of the case problem or would it really literally be a collateral estoppel ratio to COTA problem? Because it's not really the same case. This isn't that case. As a judicial matter, it's a different case. Right. And we have Ninth Circuit case — I'm sorry, Supreme Court case law that says that a sentence for a remand, federal court litigation following a sentence for a remand creates a whole new case. So therefore, it wouldn't be a law of the case problem, but it would be worse for you, actually. It would be more preclusive, i.e. But, again — I understand your particular problem. I'm just trying to understand the overall structure. This is an odd case because of the nature of the remand and because of what actually happened before at the remand. I mean, I assume that you're fairly happy to just deal with what the — what actually happened on the remand, even aside from the breadth of Judge Hogan's remand order. Well, I mean, essentially, given the particular language and the particular order and then what occurred, which was Judge Jones, ALJ Jones, revisiting all of the important issues in the sequential analysis, and then Magistrate Acosta expressly reviewing those reconsidered issues, that we — in effect, the law of the case doctrine arguments really don't have any bearing. I mean, today we are here before you on Judge Jones' reconsidered determinations. Hogan said you're free, and he took the ball and ran with it, essentially. And it's all kind of tied up in a ball because he essentially redid the credibility determination. Is that right? That is correct. And by doing that, he essentially feeds into the doctor evaluations as well. That is very — that's correct, Your Honor. The credibility determination applies at steps two, three, four, and five of the sequential analysis. And so there — by redetermining credibility, he opened up the door. But not only that, he redetermined medical equivalence at step three. He — you'll see in ALJ Jones' decision, he conducted what he called de novo review of a report by board-certified orthopedic surgeon Dr. Gritska. And so that — you know, another indication that Judge Jones is taking a whole new look at things. That report by Dr. Gritska is very analytical, was rejected for the wrong reasons. The ALJ Jones, I think with boilerplate language, presumed that Gritska wrote a short conclusory report. It's a very detailed two-page summary laying out the anatomy and the physiology and the And it was summarily rejected by Dr. Jones — I'm sorry, by ALJ Jones. And Jones addresses credibility, the listings — oh, and, Your Honors, ALJ Jones in his decision comes up with a whole new residual functional capacity. RFC at steps four and five. And so it is a new decision. And Hogan says he can do a new decision, and he does do a new decision. And the express language of reviewing Magistrate Acosta says, I am reviewing a new decision. And so the law of the case doctrine doesn't bind in this case. So moving to, I guess, the substance of ALJ Jones' decision, one of the fundamental problems is he rendered that decision without hearing. So there was no remand hearing after that. And so what he did was he propounded an RFC in his decision, but then relied on the vocational experts' testimony that had occurred at the prior hearing. And what we've argued, and I think we've shown quite clearly, is that the residual functional capacity found by Judge Jones, ALJ Jones, precludes the performance of the previously identified jobs at step five. In other words, when Judge ALJ Jones limited the claimant to sitting for two hours, that precluded the performance of the previously identified sedentary jobs. When ALJ Jones limited the claimant to no repetitive lifting, that precluded the performance of the previously identified light-level jobs, because all light-level jobs require lifting up to five and a half hours a day, which is repetitive lifting. And addressing some of the other arguments in our brief, we believe that Judge Jones clearly erred at step three in determining whether or not claimants' condition met a requirement. And also we have other evidence completely disregarded at step two, including facet arthropathy, which Dr. Gritske explained is part of the physiology behind his collapsing, the claimant's collapsing, and his legs going out from under. To answer your question, the testing did not reveal the arachnoiditis, but ALJ Jones' very RFC is more limiting than the RFC in the listing. The RFC in the arachnoiditis listing, which is 104.B, has a painful situation that causes changes. But that's not my understanding of how the system works. I may not have a very good understanding, but I think that our point at step two is that you just do something automatically and you don't need to go further. If you go further and you make a specific RFC, then you go through the rest of the steps. So the fact that when you finish and get to the bottom, you end up with a more limited RFC is probably not at all unusual. It doesn't prove that the step two determination was wrong. It just proves you did it right and you came up with the right RFC. Well, Your Honor, I'm going to ‑‑I'm not clear about that, but I'm going to rely on my brief for that. And I believe I'm over time now. Thank you very much. Thank you. May it please the Court. My name is Mike Howard representing the Commissioner in the case of Paulson v. Astru. Your Honors, I would like to talk about the law of the case issues, but first ‑‑ It's the one thing it couldn't be because it's a different case, right? Your Honor, I would disagree. Plaintiff referred to Supreme Court cases holding a sentence for remand to be a final judgment, but there were three Supreme Court cases on this issue, and I would submit that this is not a simple issue by any measure. The Supreme Court held a sentence for remand is a final judgment in the sense that a plaintiff can appeal it, a claimant can appeal it, or that the agency can appeal it, or that it's final for the purpose of aegyphes. I submit that a sentence for remand does not end the litigation, such that the litigation continuing on afterwards is different. It's actually filed as a separate case under a different number, right? Your Honor, yes. It does have a new case number in federal court. However, after the sentence for remand, the agency goes on, and we are assessing the same application, and the same application dealing with the same dates and the same issues and the same medical history and evidence. And so therefore, there might well be a res judicata or collateral just ordinary preclusion, but I don't – which ends up, from your point of view, being better for you because it's more definite. But I don't see conceptually how it's – is there any case law treating this situation as law litigation? No, Your Honor. There – other circuits did address law of the case. I don't believe it's been applied in the sense – because generally in SSA cases, it just doesn't apply because there's new evidence, substantially different evidence on each remand. But I don't believe any circuit has addressed the specific issue of a sentence for remand ending the litigation and the following litigation. I'm just saying that the rule that they could appeal despite the remand means they have to appeal despite the remand? I believe if a plaintiff wishes to contest the findings which the district court explicitly upheld, where the district court explicitly affirmed the Commissioner, then the plaintiff's proper remedy would be to appeal that. Did the Supreme Court cases say that? Yes, Your Honor. Forney v. Apfel, the Court notes that plaintiff can appeal the sentence for remand.  I want to know if he has to appeal. I don't believe there's any law on the point that plaintiff has to appeal. What about in our case? In our court, is there any law like that? No, Your Honor. I believe there is a case in Ray Broders. I have that somewhere here in my notes. I'd like to perhaps submit that later if it's not in the briefs. Where – and it's not a Social Security case, but it's just generally noted that the plaintiff's proper remedy is to appeal something directly rather than attack it collaterally later. That's not the question. Because it's a very peculiar system. It does seem to lead to the case being in two places. If it is – if you think of it as a single case, then it's in two places at once if they have to appeal it. I – well, Your Honor, I disagree with the idea of bifurcation. I'm not sure how that would be possible because the agency essentially is required to comply with the district court or with any federal court's order, considering how it should proceed with the hearing on remand or how the appeals council should proceed. If there's an appeal to us on the unremanded issues, then what happens to the remanded issues? I believe those would just be held pending the court's resolution of the appeal. I don't believe the agency regulations would allow for the hearings' offices to proceed with a case. Is there any case law anywhere on any of this? Your Honor, I'd be happy to submit a couple of additional cases via a 28-J letter. In other circuits, it has – a lot of the case has been considered. Well, but it all depends on these background questions, for example. I mean, if, for example, he could but doesn't have to appeal, then it seems to me that there wouldn't be law of the case and or there wouldn't be preclusion. So it's the understanding of the basic system that has to underlie the question of what its consequences are. I agree, Your Honor. And just part of the difficulty here is just generally that law of the case does not apply in social security proceedings because on each remand there's generally new evidence, and that's substantially different evidence that is adduced. And in this case It seems to me it would come up very often because very often the ALJ will say, we have another case in this calendar which is coming up in the other direction where one of the submitted cases where there is an appeal with regard to a whole bunch of issues even though there's a remand. Right? Now, if, and the remand is with regard to one particular new piece of evidence, but there were a whole bunch of determinations with regard to discrediting other doctors who are not going to be addressed on the remand. So in that instance he did appeal, but suppose he hadn't. Well, if I understand Your Honor's question correctly, I believe many of these situations where we're dealing with agency compliance with the federal court's orders, and it's making explicit findings about saying the ALJ properly evaluated this physician but not this physician. The majority of these cases are, they might be resolved in the language of the saying that they're resolving under the law of the case, but really it's a very simple application of the mandate rule, just saying that the agency has to comply with the letter and the spirit of the federal court order. It's a relatively uncommon situation where we have a prior remand order and remanding only for one specific finding. A remote date last insured nine years ago, so we're not getting a lot of substantially different evidence. But the problem is, to get to this case, that isn't how it worked out. I do acknowledge that the ALJ revisited credibility and revisited the opinion of Dr. Gritske. However, I do not take, first of all, I do not take the Judge Hogan's language that the ALJ is free to reconsider other findings. I believe that's a pragmatic recognition that if the ALJ is free to reconsider  if the ALJ is complying with the district court's remand order and the order says you may provide sufficient reasons to reject Dr. Jacobs or credit it, and if the ALJ is complying with that order, other findings will have to be changed depending on the outcome of Dr. Jacobs' opinion. For instance, the ultimate finding of disability. But in fact what happened was he didn't credit it and he nonetheless changed other things. Well, Your Honor, I would disagree that the ALJ did revisit the issue of credibility and that is really essential to the evaluation of Dr. Jacobs' opinion because it was a basis for rejecting it. The ALJ did not, contrary to plaintiff's representation, give a new residual functional capacity. The ALJ adopted the old decision's residual functional capacity and added a statement. Although it's in a bold finding that says it's the residual functional capacity, the ALJ just added language at the top of that bold finding where he defines light work. And part of that definition is saying that the light work entails the ability to sit for two hours during an eight-hour work day. Would you make a comment on the case of Moore v. James H. Matthews and Company? I believe he cited that in your brief with respect to the law of the case doctrine. Yes, Your Honor. I believe, if I recall right, that we're citing that as a general proposition because it's not a Social Security case that the law of the case doctrine could apply here. Again, we do have the problem where this doctrine has not been applied very clearly in the context of Social Security. And that's why you answered no case. Yes, Your Honor. And I think that's generally a function that in most SSA cases it doesn't make sense to apply the doctrine. Just by the exceptions that exist as the doctrine is commonly understood, it does not apply when there is substantially different evidence. And on a sentence for remand, almost all the time it's dealing with new evidence. I don't understand what you're saying about that. It seems to me it would conceptually come up all the time. And the reason it doesn't is because there is some background understanding, which I am not clear what it is, either that if it isn't appealed, it's precluded, or that if it isn't appealed, it's still open. I don't know which it is. And that's what I want to find out. But I don't see your notion that this is somehow odd. This seems totally wrong to me. I understand that it usually comes up in the context of was the remand followed, but that's because there is some background understanding as to whether the issues that were already decided in the earlier opinion either do or do not remain open. It's not that this problem doesn't exist. It's that there seems to be ‑‑ it doesn't seem to be raised very much. And why that is, I don't know. But you don't seem to know either. Well, there is a problem of not many cases, reported cases, dealing with this explicitly. The issue of collateral estoppel or another mechanism to deal with this may be interesting. Unfortunately, I'm just ‑‑ I got this case of argument, and I can't go back and fix, you know, a certain argument. But all I'm trying to say is that your suggestion that there's something odd about this case doesn't seem right to me. Well, I see my time is about to elapse. May I? Answer the question and go on. I would just, again, point out the circumstances of this case. We have a 90 ‑‑ we're dealing with a one-month period in 1997 that gets more and more remote, and that Judge Hogan remanded this only for the specific issue of reevaluating Dr. Jacobs' opinions. And for that reason, I believe that if the law of the case doctrine applies in a Social Security case context after a sentence for remand, it would apply in this case. But it doesn't apply to the credibility determination. It doesn't apply to the application of the RFC. And those are the two main issues that are being raised. Yes, Your Honor, I acknowledge that. Okay. But the ‑‑ it should apply to the evaluation of the several doctors which were upheld by Judge Hogan. All right. Thank you very much. Thank you. Your Honors, I would submit the fact that this is not a collateral attack, as you pointed out, the remand order. I'm not sure it's not a collateral attack. I'm just saying it's not the law ‑‑ if it is, it's not a law of the case. Well, I believe that, as you pointed out, the remand order from Judge Hogan was very open-ended and Judge Jones issued a whole new decision. In other words, factually, the law of the case doctrine isn't even imposed. In fact, the main issues that you're raising are things that happen during a remand. It's the credibility determination, the RFC, the evaluation of Dr. Jacobs. The rest of it's peripheral. Is that right? The expressive ‑‑ right. It is the four big issues that Judge Jones decided. Right. And there's no dispute that those are before us. I mean, you ‑‑ in the course of it, you do raise some issues about some of the other doctors, and maybe that's precluded, but that's not really what you care about. Well, but when ‑‑ I'm sorry, Your Honor, when Judge Jones went back to the RFC, went back to step three equivalence, he went back to the beginning, if you will. It's a new decision, essentially. It eviscerates and sets aside all prior decisions. It's a new adjudication, and therefore ‑‑ But even in standing up here and arguing the merits, you haven't argued about any of those things. You've only argued about the things that Judge Jones did in fact decide. So if we concentrate on those, you'll be happy. No? Well, if you credit Dr. Gritzka, because he improperly ‑‑ All right. But that was decided by Dr. Jones, too. I mean, by ALJ Jones. That improperly discredited evidence we submit should be credited on appeal. Okay. Thank you very much. Thank you. Thank you, counsel. The case of Paulson v. Astro is submitted, and we will go to the last case of the day and of the week, Bispo v. Robertshaw v. Charles.
judges: Farris, Nelson D. W., Berzon